**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CHERISSA CABAHUG and GINA RAMOS,** | * * * | **CIVIL ACTION NO.** |
| **PLAINTIFFS,** | * * | **SECTION "__" (___)** |
| **VERSUS** | * * | **JUDGE** |
| **MICHELLE SEILER TUCKER, ADVANCED MEDICAL REHAB, LLC, and CAPITAL BUSINESS SOLUTIONS, LLC,** | * * * * | **MAGISTRATE** |
| **DEFENDANTS.** | * * | **Jury Requested** |

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes plaintiffs Cherissa Cabahug and Gina Ramos, who file this complaint to obtain full and complete relief and to address the wrongful employment practices suffered as described herein:

**JURISDICTION AND VENUE**

**1.**

This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, Louisiana's Last Paycheck Act Law, La. R.S. 23:631, *et seq.,* and Louisiana's Timely Payment Law, La. R.S. § 23:633.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the actions arise under the laws of the United States. Wages owed, including penalties, attorney's fees, and are sought under 29 U.S.C. § 201, *et seq.*, 29 U.S.C. § 1161, *et seq.,* La. R.S. § 23:631 *et seq.,* and La. R.S. § 23:633.

This Court has pendent jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 and all available relief is sought under such state laws as well.

**2.**

This action properly lies in the Eastern District of Louisiana because all acts and actions have occurred in the State of Louisiana, and the parishes of Jefferson and Orleans, which encompasses the jurisdiction and venue of the Eastern District of Louisiana. *See* U.S.C. § 1391.

**PARTIES**

**3.**

Plaintiff, Cherissa Cabahug is of the age of majority and a resident of the State of Louisiana who was formerly employed by Defendant Advanced Medical Rehab, LLC.

**4.**

Plaintiff, Gina Ramos is of the age of majority and a resident of the State of Louisiana who was formerly employed by Capital Business Solutions, LLC.

**5.**

Defendant, Michelle Seiler Tucker is of the age of majority and a resident of the State of Louisiana and is a principal and manager of Advanced Medical Rehab, LLC and Capital Business Solutions, LLC.

**6.**

Also made Defendant in this matter is Advanced Medical Rehab, LLC, a limited liability company created under the laws of the State of Louisiana, registered with the Louisiana Secretary of State and doing business within the State of Louisiana, domiciled in the Parish of Orleans, State of Louisiana is an enterprise as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(r), is an employer as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d), and is engaged in commerce as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(s).

**7.**

Also made Defendant in this matter is Capital Business Solutions, LLC, a limited liability company created under the laws of the State of Louisiana, registered with the Louisiana Secretary of State and doing business within the State of Louisiana, domiciled in the Parish of Orleans, State of Louisiana is an enterprise as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(r), is an employer as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d), and is engaged in commerce as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(s).

## FACTS

### CHERISSA CABAHUG'S EMPLOYMENT WITH ADVANCED MEDICAL REHAB, LLC

**8.**

Ms. Cabahug worked for Defendant Advanced Medical Rehab, LLC in its business offices located in the Greater New Orleans area from June 2006 through May 2016.

**9.**

Ms. Cabahug was an employee of Advanced Medical Rehab, LLC as the term is defined by the Fair Labor Standards Act, 29 U.S.C. § 203 (e).

**10.**

Ms. Cabahug was hired by Michelle Seiler Tucker as a marketing and sales representative for Advanced Medical Rehab, which contracted with chiropractors to market their services to personal injury attorneys. She was required to call on attorneys as directed by Michelle Seiler Tucker's.

**11.**

Ms. Cabahug was paid a monthly salary and, according to signed agreements, was to receive bonus and commission payments based on her sales.

**12.**

During the course of her ten year employment, Michelle Seiler Tucker arbitrarily reduced Ms. Cabahug's monthly salary, withheld monthly salary, deducted wages when Ms. Cabahug didn't return her phone call or reply to her text within thirty minutes, stopped payment of Ms. Cabahug's paychecks, and refused to give Ms. Cabahug a copy of the signed compensation agreements to review when Ms. Cabahug remarked that her paychecks were continuously and noticeably lower than she was expecting.

**13.**

At no time during her employment with Advanced Medical Rehab, LLC did Ms. Cabahug exert independent judgment or final decision power on any job duties assigned to her by Michelle Seiler Tucker.

**14.**

Michelle Seiler-Tucker supervised Ms. Cabahug's work on a daily basis and exercised significant influence over her duties and schedule.

**15.**

Michelle Seiler Tucker required Ms. Cabahug to visit law firms between the hours of 9 o'clock a.m. through 5 o'clock p.m. and provided her with Advanced Medical Rehab business cards, credit cards, a mobile phone, and marketing material to leave with attorneys. Michelle Seiler Tucker monitored Ms. Cabahug's telephone calls and her movements through the mobile telephone.

**16.**

Ms. Cabahug was required to coordinate at least ten monthly lunches between attorneys and doctors, as well as to prepare a monthly report showing the names of the attorneys that referred clients to chiropractors hired by Advanced Medical Rehab.

**17.**

Michelle Seiler Tucker required Ms. Cabahug to call her at the end of each business day and to email her with the names of the law firms that she visited that day.

**18.**

In addition to her marketing duties, Ms. Cabahug was required to entertain clients and attorneys after hours, on weekends, and during holidays.

**19.**

Michelle Seiler Tucker required Ms. Cabahug to attend after hour meetings with her for training purposes.

**20.**

In 2008, Ms. Cabahug requested a six week maternity leave; however, Michelle Seiler Tucker required Ms. Cabahug to personally pay the salary for a temporary replacement.

**21.**

In September 2013, Ms. Cabahug requested a six week maternity leave for the birth of her second child and again, was required to personally pay the salary of the temporary replacement.

**22.**

On May 26, 2016, Ms. Cabahug requested a six week maternity leave for the birth of her third child, which was due June 9, 2016 and again, was required to personally pay the salary of the temporary replacement.

**23.**

Ms. Cabahug was required to respond to Michelle Seiler Tucker's telephone calls and emails while she was on vacation and during her maternity leaves.

**24.**

During Ms. Cabahug's May 2016 maternity leave, she received a letter from Michelle Seiler Tucker notifying her that she was terminated because she had missed a staff meeting.

**25.**

Ms. Cabahug has made numerous written and oral demands for her final paycheck and for an accounting of all wage, bonus, and commission compensation that she is owed to no avail. Recently, formal demand was made; however, to date, Michelle Seiler Tucker has ignored these demands.

**GINA RAMOS' EMPLOYMENT WITH
CAPITAL BUSINESS SOLUTIONS**

**26.**

Gina Ramos worked for Capital Business Solutions, LLC in its business offices located in the Greater New Orleans area from August 2012 through August 2016.

**27.**

Ms. Ramos was an employee of Capital Business Solutions, LLC as the term is defined by the Fair Labor Standards Act, 29 U.S.C. § 203(e).

**28.**

Michelle Seiler Tucker hired Ms. Ramos to manage the Capital Business Solutions office and to assist her and other associates with the sales of businesses in Louisiana, Texas, and California.

**29.**

Ms. Ramos was paid a monthly salary of $2,500.00 and, according to agreements that she signed in 2012, she was to receive a 2% bonus based on commissions paid to Capital Business Solutions from each sale.

**30.**

During the four years of her employment with Capital Business Solutions, Michelle Seiler Tucker arbitrarily withheld salary and deducted "points" from Ms. Ramos' bonus if she didn't respond to her text messages within 30 minutes between 7 o'clock a.m. and 7 o'clock p.m. or within an hour on the weekend.

**31.**

In 2012, Ms. Ramos' received one-half of her monthly salary between August 1, 2012 and December 31, 2012.

**32.**

In 2013, Ms. Ramos' total income was $27,800.00 and in 2014, her year-end compensation was $31,738.00.

**33.**

In 2014, Michelle Seiler Tucker instituted a one per-cent profit sharing plan for Ms. Ramos beginning December 31, 2014, and in May 2015 Ms. Ramos received a $600.00 check.

**34.**

In early 2015, Capital Business Solutions closed on several business sales and showed a multi-million dollar profit. Based on the agreement, Ms. Ramos should have received more than $26,000.00.

**35.**

In 2015, Michelle Seiler Tucker earned more than one million dollars from the sale of a business in Texas. Ms. Ramos was to receive $20,000.00 in commission; however the funds were never deposited into Ms. Ramos' checking account. Michelle Seiler Tucker instructed the payroll company not to deposit the funds because she would personally issue a check to Ms. Ramos.

**36.**

Instead, Michelle Seiler Tucker deducted her personal travel expenses, entertainment costs, and other business related expenses from Ms. Ramos' commission and paid her $8,000.00 and advised Ms. Ramos that she could earn back the withheld $12,000.00 if she made no mistakes for the next six months.

**37.**

Ms. Ramos approached Michelle Seiler Tucker six months later to request the remainder of her commission and was told that the money would not be forthcoming.

**38.**

On August 1, 2016, when a technician failed to load Michelle Seiler Tucker's email on her mobile phone, she withheld a percentage of Ms. Ramos' bonus from the sale of a business.

**39.**

Ms. Ramos has repeatedly asked Michelle Seiler Tucker to review the bonus and commission agreement that she signed in 2012 to confirm her income, but to date, Michelle Seiler Tucker has ignored the requests.

**40.**

Ms. Ramos resigned from Capital Business Solutions on or about August 15, 2016 and made written demand for her final salary and all bonuses and profit sharing amounts that she is owed. Recently, Ms. Ramos made formal demand for all unpaid compensation; however, her demand was ignored.

<u>CAUSES OF ACTION-FAIR LABOR STANDARDS ACT</u>

<u>CHERISSA CABAHUG</u>

**41.**

Michelle Seiler Tucker and/ Advanced Medical Rehab failed to pay proper wages to Ms. Cabahug as defined and required by the Fair Labor Standards Act.

**42.**

Advanced Medical Rehab's failure to pay Ms. Cabahug proper wages was willful, punitive, intentional in nature, and a reckless disregard of the requirements of the Fair Labor Standards Act.

**43.**

Ms. Cabahug seeks to recover unpaid wages, interest, liquidated damages, and attorney's fees and such declaratory and injunctive relief from Michelle Seiler Tucker and/or Advanced Medical Rehab as is appropriate, in accordance with the Fair Labor Standards Act.

### CAUSES OF ACTION-FAIR LABOR STANDARDS ACT

### GINA RAMOS

**44.**

Capital Business Solutions and/or Michelle Seiler Tucker failed to pay proper wages to Ms. Ramos as defined and required by the Fair Labor Standards Act.

**45.**

Capital Business Solutions and/or Michelle Seiler Tucker's failure to pay Ms. Ramos proper wages was willful, punitive, intentional in nature, and a reckless disregard of the requirements of the Fair Labor Standards Act.

**46.**

Ms. Ramos seeks to recover unpaid wages, interest, liquidated damages, and attorney's fees and such declaratory and injunctive relief from Michelle Seiler Tucker and/or Capital Business Solutions as is appropriate, in accordance with the Fair Labor Standards Act.

### LOUISIANA'S LAST PAYCHECK LAW-CHERISSA CABAHUG

**47.**

Michelle Seiler Tucker and/or Advanced Medical Rehab failed to timely pay Ms. Cabahug all wages and monies due and owed at the termination of her employment from Advanced Medical Rehab and/or Michelle Seiler Tucker.

**48.**

Ms. Cabahug made demand for these unpaid wages and monies upon her termination from Michelle Seiler Tucker and/or Advanced Medical Rehab as defined and required by Louisiana's Last Paycheck law.

**49.**

Michelle Seiler Tucker and/or Advanced Medical Rehab did not pay Ms. Cabahug the unpaid wages and monies owed upon demand after termination as required under Louisiana's Last Paycheck Law (La. R.S. § 23:631 *et seq.*).

**50.**

Ms. Cabahug seeks to recover unpaid wages, interest, liquidated damages, attorney's fees, and such declaratory and injunctive relief as is appropriate, in accordance with Louisiana's Last Paycheck Law.

**51.**

Michelle Seiler Tucker and/or Advanced Medical Rehab failed to pay Ms. Cabahug for services performed at no less than twice during each calendar month thus violating Louisiana's Timely Payment Law (La. R.S. § 23:633 *et seq.*).

**52.**

As a result of Michelle Seiler Tucker and/or Advanced Medical Rehab's actions or inactions, Ms. Cabahug has suffered loss of income and damages, including emotional stress injuries, for which Michelle Seiler Tucker and/or Advanced Medical Rehab are liable to Ms. Cabahug.

**53.**

Ms. Cabahug further alleges her rights and privileges established under any other applicable or related law, equity, and fairness.

## LOUISIANA'S LAST PAYCHECK LAW-GINA RAMOS

**54.**

Michelle Seiler Tucker and/or Capital Business Solutions failed to timely pay Ms. Ramos all wages and monies due and owed at the termination of her employment with Capital Business Solutions and/or Michelle Seiler Tucker.

**55.**

Ms. Ramos made demand for these unpaid wages and monies upon the termination of her employment with Michelle Seiler Tucker and/or Capital Business Solutions as defined and required by Louisiana's Last Paycheck law.

**56.**

Michelle Seiler Tucker and/or Capital Business Solutions did not pay Ms. Ramos the unpaid wages and monies owed upon demand after termination of her employment as required under Louisiana's Last Paycheck Law (La. R.S. § 23:631 *et seq.*).

**57.**

Ms. Ramos seeks to recover unpaid wages, interest, liquidated damages, attorney's fees, and such declaratory and injunctive relief as is appropriate, in accordance with Louisiana's Last Paycheck Law.

**58.**

As a result of Michelle Seiler Tucker and/or Capital Business Solutions' actions or inactions, Ms. Ramos has suffered loss of income and damages, including emotional stress injuries, for which Michelle Seiler Tucker and/or Capital Business Solutions are liable to Ms. Ramos.

**59.**

Michelle Seiler Tucker and/or Capital Business Solutions failed to pay Ms. Ramos for services performed at no less than twice during each calendar month thus violating Louisiana's Timely Payment Law (La. R.S. § 23:633 *et seq.*).

**60.**

Ms. Ramos further alleges her rights and privileges established under any other applicable or related law, equity, and fairness.

### JURY DEMAND

**60.**

Ms. Cabahug and Ms. Ramos request and demand a trial by jury as authorized under the Federal Rules of Civil Procedure, Rule 38(b).

### PRAYER

**61.**

WHEREFORE, Plaintiffs, Cherissa Cabahug and Gina Ramos pray that this Court:

a. Declare that the acts and practices of Michelle Seiler Tucker, Advanced Medical Rehab, LLC and Capital Business Solutions, LLC complained of herein are in violation of United States and Louisiana laws;

b. Enjoin and permanently restrain Michelle Seiler Tucker, Advanced Medical Rehab, LLC and Capital Business Solutions, LLC from engaging in such unlawful practices;

c. Award Ms. Cabahug and Ms. Ramos all earnings they did not receive because of the actions of Michelle Seiler Tucker, Advanced Medical Rehab, LLC and Capital Business Solutions, LLC, including but not limited to lost wages, unpaid wages,

pre-judgment interest, and any other lost benefits;

d. Award Ms. Cabahug and Ms. Ramos actual damages because of the actions or inactions of Michelle Seiler Tucker, Advanced Medical Rehab, LLC and Capital Business Solutions, LLC;

e. Award Ms. Cabahug and Ms. Ramos 90-days of pay for Michelle Seiler Tucker, Advanced Medical Rehab, LLC and Capital Business Solutions, LLC's failure to timely pay all monies owed to Ms. Cabahug and Ms. Ramos at the conclusion of their employment with Michelle Seiler Tucker, Advanced Medical Rehab, LLC and Capital Business Solutions, LLC;

f. Award Ms. Cabahug and Ms. Ramos liquidated damages based on Michelle Seiler Tucker, Advanced Medical Rehab, LLC and Capital Business Solutions, LLC willful violation of the Fair Labor Standards Act and any and all punitive and penalty damages available under any law;

g. Award Ms. Cabahug and Ms. Ramos costs and attorney's fees; and

h. Grant Ms. Cabahug and Ms. Ramos any and all such relief as this Court may deem just and proper.

Respectfully submitted:

**TAGGART MORTON, LLC**

*/s/ Dorothy L. Tarver*
Dorothy L. Tarver (Bar Roll No. 29714)
1100 Poydras Street, Ste. 2100
New Orleans, LA 70163-2100
Telephone: (504) 599-8500
Facsimile: (504) 599-8501
E-Mail: dtarver@taggartmorton.com
***Attorney for Cherissa Cabahug and Gina Ramos***