UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHERISSA CABAHUG and GINA RAMOS ) ) ) Plaintiff, ) ) v. ) ) MICHELLE SEILER TUCKER, ) ADVANCED MEDICAL REHAB, LLC ) and CAPITAL BUSINESS SOLUTIONS ) ) Defendant. ) | CIVIL ACTION NO: 2:17-cv-241 SECTION A JUDGE ZAINEY DIVISION 4 JUDGE ROBY |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants, Michelle Seiler Tucker, Advanced Medical Rehab, LLC ("AMR") and Capital Business Solutions, LLC ("CBS") (collectively "Defendants") have moved this Court to dismiss the Complaint and Amended Complaint filed by Plaintiffs, Cherissa Cabahug and Gina Ramos ("Plaintiffs"), and respectfully submit this memorandum of law in support of their Motion to Dismiss.

**I.    INTRODUCTION**

In their Complaint for Damages ("Complaint"), Plaintiffs assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Louisiana's "Last Paycheck Act Law, La R.S. 23:631, *et seq.*", and Louisiana's "Timely Payment Law," La. R.S. 23:633.[1] (Rec. Doc. 1, ¶¶ 1). Ms. Cabahug also brought claims of invasion of privacy in a Supplemental Complaint. (Rec. Doc. 9, ¶ 53A-53C). Plaintiffs filed these claims in federal court on the basis of federal question jurisdiction due to their putative FLSA claims. (Rec. Doc. 1, ¶ 1). Plaintiffs' Complaint

---

[1] If Plaintiffs' Complaint is not dismissed, Defendants intend to file a motion to sever these actions, as they are in no way related.

must satisfy the minimal pleading standard under Rule 8 of the Federal Rules of Civil Procedure, as explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).[2] Plaintiff has failed to satisfy this standard.

First and foremost, Plaintiffs fail to allege in any way that they were not paid minimum wage or overtime during their alleged employment with the Defendants, even though the very thing the FLSA requires is the payment of minimum wage and overtime to eligible employees. In fact, the phrase "minimum wage" and the word overtime **are not stated anywhere in their Complaint or Amended Complaint.** And second, Plaintiffs fail to allege any <u>facts</u> to indicate that they are covered by the FLSA (individual coverage) or that AMR, CBS or Ms. Seiler-Tucker are covered by the FLSA (enterprise coverage).

Thus, Plaintiffs' Complaint is deficient and fails to meet this minimum pleading standard, and should be dismissed. In addition, if Plaintiffs' FLSA claims are dismissed, only state law claims remain, and the Court should decline to exercise supplemental jurisdiction over those claims.

## II.    BACKGROUND AND PLAINTIFFS' ALLEGATIONS

In their Complaint for Damages, Plaintiffs asserts claims under the FLSA, Louisiana's "Last Paycheck Act Law" and Louisiana's "Timely Payment Law." (Rec. Doc. # 1). Ms. Cabahug also brought claims for invasion of privacy. (Rec. Doc. 9, ¶¶ 53A-53C).

Ms. Cabahug alleges that she worked for AMR from June 2006 through May of 2016. (*Id.*, ¶ 8). Ms. Cabahug alleges she was an AMR employee under the FLSA. (*Id.*, ¶ 9). Ms.

---

[2] Although *Twombly* was decided in the antitrust context, the United States Supreme Court made clear in *Iqbal* that the standard set forth in *Twombly* applies in all civil actions.  *See Iqbal,* 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions,' and it applies to antitrust and discrimination suits alike") (internal citation omitted).

Cabahug alleges that she was paid a monthly salary and was to receive bonuses and commission payments based on her sales. (*Id.*, ¶11). Ms. Cabahug alleges that during her employment, Ms. Seiler-Tucker reduced her monthly salary, withheld monthly salary and deducted wages when Ms. Cabahug did not return phone calls or texts in quick enough fashion. (*Id.*, ¶ 12). Ms. Cabahug also alleged that Ms. Seiler-Tucker stopped payment on her paychecks, although she did not specify which paychecks. (*Id.*, ¶ 12). Ms. Cabahug alleges that she has made numerous written and oral demands for her final paycheck and for an accounting of all wages, bonus and commission compensation that she is allegedly owed. (*Id.*, ¶ 24). Nowhere in the Complaint or Amended Complaint does Ms. Cabahug allege that she was not paid minimum wage or overtime, nor does Ms. Cabahug allege that she ever worked more than forty hours in a workweek. (Rec. Doc. # 1, 9).

Gina Ramos alleges that she worked for CBS from August 2012 through August 2016. (Rec. Doc. # 1, ¶ 26). Ms. Ramos alleges she was paid a monthly salary, and further alleges she was to receive a 2% bonus based on commission paid to CBS from each sale. (*Id.*, ¶ 29). Ms. Ramos alleges that during her employment with CBS, Ms. Seiler-Tucker withheld salary and deducted points from her bonus if Ms. Ramos did not respond to Ms. Seiler-Tucker's text messages quickly enough. (*Id.*, ¶ 30). Ms. Ramos alleges she received one-half of her monthly salary between August 1, 2012, and December 31, 2012. (*Id.*, ¶ 31). Ms. Ramos alleges that in 2013, her total income was $27,800.00, and in 2014, her total income was $31,738.00. (*Id.*, ¶ 32). Ms. Ramos alleges that in 2014, Ms. Seiler-Tucker instituted a one percent profit sharing plan for Ms. Ramos. (*Id.*, ¶ 33). Ms. Ramos further alleges that she should have received $26,000.00 in profit sharing for sales closed on several businesses in early 2015. (*Id.*, ¶ 34). Ms. Ramos alleges that she should have received a $20,000.00 commission from another sale in

2015, but instead received $8,000.00 and was told she would receive the remaining $12,000.00 if she made no mistakes for six months. (*Id.*, ¶ 36). Ms. Ramos alleges she was never paid that $12,000.00. (*Id.*, ¶ 37). Ms. Ramos alleges that Ms. Seiler-Tucker withheld a portion of another bonus in 2016. (*Id.*, ¶ 38). Finally, Ms. Ramos alleges that she resigned from CBS in August of 2016 and made written demand for her final salary and all bonuses and profit sharing amounts that she was owed. (*Id.*, ¶ 40). Nowhere in the Complaint or Amended Complaint does Ms. Ramos allege that she was not paid minimum wage or overtime, nor does Ms. Ramos allege that she ever worked more than forty hours in a workweek. (Rec. Doc. # 1, 9).

### III.   LAW AND ARGUMENT

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a defense when a party has failed to state a claim upon which relief can be granted. Courts will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). Although courts are required, for the purpose of the analysis under Rule 12(b)(6), to treat as true all factual allegations in the complaint, they are not bound to accept labels, conclusions, or bald recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555; *Spivey,* 197 F.3d at 774; *see also Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992), citing *Assoc. Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974) ("'[C]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss."). Moreover, "'in order to avoid dismissal for failure to state a claim, a plaintiff **must plead specific <u>facts</u>**, **not mere conclusory allegations** . . .'" *Guidry,* 954 F.2d at 28, citing *Elliott v. Foufas,* 867 F.2d 877, 881 (5th Cir. 1989) (emphasis added).

Rule 8 requires that pleadings include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(1). The United States Supreme Court

has explained that the pleading standard of Rule 8 does not require "detailed factual allegations," but the allegations must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1955). A pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Iqbal*, 556 U.S. at 677, 120 S. Ct. at 1949, citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65. "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery. . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (internal quotation and citation omitted). Similarly, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677, 120 S. Ct. at 1949, citing *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966.

To survive a Rule 12(b)(6) motion to dismiss, a pleading "must contain **sufficient <u>factual matter</u>**, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 677, 129 S. Ct. at 1949 (emphasis added), citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "The factual allegations must 'raise a right to relief above the speculative level. . . ." *Hamer v. Jones*, 364 Fed. Appx. 119, 122 (5th Cir. 2010), citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677, 129 S. Ct. at 1949, citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Thus, "the statement must present more than 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements.'" *Roque v. Jazz Casino Co. LLC*, 388 Fed. Appx. 402, 405 (5th Cir. 2010), citing *Iqbal*, 556 U.S. at 677, 129 S. Ct. at 1949. *Iqbal* makes clear that "the

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949-50.

*Iqbal* also instructs that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal,* 556 U.S. at 679, 129 S. Ct. at 1950. But "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.,* citing Fed. Rule Civ. Proc. 8(a)(2). While "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it **does not** unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (emphasis added).

    **A.**    **Plaintiffs FLSA Claims Should Be Dismissed Because They Did Not Allege That Defendants Failed To Pay Them Minimum Wage Or Overtime**

Section 206 of the Fair Labor Standards Act requires every employer to pay a minimum wage of at least $7.25 per hour. 29 U.S.C. § 206. Section 207 of the Fair Labor Standards Act states that "…no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207. "Thus, in order to state a claim for unpaid overtime or minimum wages under the FLSA, a plaintiff must plead: '(1) that there existed an employer-employee relationship during the unpaid … periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime [or minimum wage] requirements; and (4) the amount of overtime [or minimum wage]

{N3376113.1}

compensation due.'" *Mejia v. Brothers Petroleum, LLC*, 2015 WL 3619894, *2 (E.D. La. June 9, 2015), citing *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Plaintiffs have not alleged anywhere in their Complaint or Amended Complaint that the Defendants violated the FLSA's overtime or minimum wage requirements. The FLSA requires the payment of minimum wage and overtime for all hours worked over forty in a workweek. Plaintiffs' failure to allege that they were not paid minimum wage or overtime is fatal to their FLSA claims, which should be dismissed.

      **B.**    **Plaintiffs' Complaint Should Be Dismissed Pursuant to Rule 12(b)(6) Because Plaintiffs Fails to Allege Any Facts to Show FLSA Coverage.**

It is Plaintiffs' burden to prove that the FLSA applies to them. *Sorbrinio v. Medical Center Visitor's Lodge, Inc.* 474 F. 3d 828, 829 (5th Cir. 2007), citing *Warren-Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 90, 63 S.Ct 125, 87 L.Ed. 83 (1942). In order to state a claim for minimum wage or overtime under the FLSA, a plaintiff must allege that she was employed by the defendant, that the FLSA's requirements of individual or enterprise coverage have been met, and that the defendant failed to pay the plaintiff minimum wage or overtime compensation as required by law. *Mullins v. Posh Potties*, 2013 U.S. Dist. LEXIS 151526, *3 (S.D. Fla. Oct. 22, 2013), citing *Morgan v. Family Dollar Stores, Inc.*, 551 F. 3d 1233, 1277 n.68 (11th Cir. 2008). Therefore, in order to survive a motion to dismiss, Plaintiffs must allege facts that show coverage under the FLSA. *Morrow v. JW Electric*, 2011 U.S. Dist. LEXIS 132199, *3 (N.D. Tex. Nov. 16, 2011). As the Supreme Court outlined in *Iqbal*, allegations in a Complaint must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." 129 S. Ct. at 1949, citing *Twombly*, 550 U.S. at 555. The FLSA is limited in application to employees engaged in commerce or the production of goods for commerce (known as individual coverage), or employed in an enterprise engaged in commerce or in the production of goods for commerce

(known as enterprise coverage). *Martin v. Bedell*, 955 F. 2d 1029, 1032 (5th Cir. 1992). In their Complaint, Plaintiffs assert that the Defendants are subject to the provisions of the FLSA, but they provide absolutely no factual support for this legal conclusion. (Rec. Doc. 1, ¶¶ 6-7)

"To sufficiently plead individual coverage, Plaintiff must allege facts giving rise to a reasonable inference that he was engaged in commerce or in the production of goods for commerce." *Payne v. Universal Recovery, Inc.*, 2011 U.S. Dist. LEXIS 153355, * 11 (N.D. Tex. Dec. 7, 2011) (emphasis added), citing 29 U.S.C. §§ 206(a), 207(a), and *Morrow*. Here, Plaintiffs do not even allege individual coverage.

"To sufficiently plead enterprise coverage, Plaintiff must allege facts giving rise to at least a reasonable inference that [the employer] is an 'enterprise engaged in commerce or in the production of good for commerce.'" *Id.* at 12. The FLSA further defines an "enterprise engaged in commerce" as an "enterprise that . . . has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1). Here, Plaintiffs regurgitate the FLSA's definition of enterprise coverage, alleging that AMR and CBS were "enterprise[s] as defined by the Fair Labor Standards Act, 20 U.S.C. § 203(r)" and were "engaged in commerce as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d)." Plaintiffs did not even allege that AMR or CBS met the required annual gross revenue in excess of $500,000.00.  Plaintiffs do not even attempt to establish enterprise coverage besides stating in conclusory fashion that AMR and CBS were enterprises and engaged in commerce under the FLSA. This is not sufficient to state a valid

claim under the FLSA because Plaintiffs provide <u>no factual support</u> for their contentions that AMR and CBS were enterprises engaged in commerce as defined by the FLSA.

Courts facing this issue under analogous circumstances have reached the same conclusion. For example, in *Mullins*, 2013 U.S. Dist. LEXIS 151526, the plaintiff alleged in his complaint that "Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant having annual gross volume of sales or business done of not less than $500,000 within the meaning of . . . the FLSA." *Id.* at *8. The *Mullins* court found that "this bare-bones legal conclusion merely tracks the legal prerequisites for enterprise coverage, unsupported by any factual allegations regarding the nature of Defendants' business, and is thus deficient." *Id.* The court dismissed the plaintiff's complaint because the plaintiff "stated only unsupported legal conclusions that his claims implicate the FLSA's individual and enterprise coverage" because the plaintiff had "not alleged facts supporting the necessary elements of FLSA . . . enterprise coverage." *Id.* at *9.

In *Morrow*, 2011 WL 5599051 at *2-3, the Northern District of Texas made a similar ruling. There, the plaintiff "merely recite[d] the statutory elements of FLSA coverage, or assert[ed] generalized facts that [did] not relate to the coverage issue." *Id.* The plaintiff asserted that the "[d]efendants have been an enterprise engaged in commerce . . . within the meaning of . . . 29 U.S.C. § 203(s)(1)." *Id.* He also alleged, "without factual support" (as the court stated), that the defendants had "employees engaged in commerce or the production of goods for commerce . . . and [had] an annual gross volume of sales made or business done of not less than $500,000." *Id.* The court ruled that these allegations were nothing more than "a formulaic recitation of the elements of a cause of action." *Id.*, citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65.

{N3376113.1}

Therefore, because the plaintiff failed to allege facts that, if taken as true, established coverage under the FLSA, the court granted the defendants' Rule 12(b)(6) motion.

In *Payne*, 2011 WL 7415414 at *4-5, the Northern District of Texas ruled that the plaintiff failed to sufficiently allege individual coverage or enterprise coverage. Related to individual coverage, the plaintiff alleged that "he worked for defendants as a 'repo/driver caller'" and that he was "individually engaged in commerce as an employee." *Id.* The court found that the complaint and its attached exhibits "did not contain any facts showing that he was engaged in interstate commerce. Plaintiff has therefore failed to sufficiently plead individual coverage under the FLSA." *Id.* The same applied to the plaintiff's allegations of enterprise coverage. The plaintiff alleged that the defendant "was an enterprise engaged in interstate commerce," and that "Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by the [FLSA]." *Id.* The court found that "[h]is averments are nothing more than a 'formulaic recitation of the elements of a cause of action.' In the absence of any facts to support these conclusory allegations, Plaintiff has failed to sufficiently plead enterprise coverage." *Id.* (citations omitted)

The law is clear – while <u>detailed</u> factual allegations are not required in a complaint to survive a Rule 12(b)(6) motion, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65. In this instance, Plaintiffs' effort to establish enterprise coverage falls far short of the requirements of Rule 8. Simply alleging that Defendants were "engaged in commerce" and that Defendants were "enterprise[s] as defined by the Fair Labor Standards Act" does not allow Plaintiffs' Complaint to survive this Motion to Dismiss. *See Morrow*, 2011 WL 5599051 at *3 (Plaintiff did not allege

any <u>facts</u> demonstrating that he or other employees handled goods that traveled in interstate commerce. This, along with the allegation that the defendant "had employees engaged in commerce or in the production of goods for commerce," was not enough to state a cause of action and survive a Rule 12(b)(6) Motion to Dismiss.); *Sciacca v. Vectorworks Marine, LLC*, 2013 WL 656325, *3 (M.D. Fla. Feb. 1, 2013) ("[P]laintiff's Complaint in this case fails to specifically allege how Plaintiff's job or Vectorworks' business relates to interstate commerce.") The complete absence of <u>any facts</u> on the threshold issue of coverage is fatal to Plaintiffs' Complaint.

### C. The Court Should Decline to Exercise Supplemental Jurisdiction

If the Court dismisses Plaintiffs' FLSA claims, it should also dismiss the remainder of Plaintiffs' state law claims. "When the single federal-law claim is eliminated at an 'early stage' of the litigation, the district court has 'a powerful reason to choose not to continue to exercise jurisdiction.'" *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992), citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 151 (1988). In addition, "a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." *England v. Administrators of Tulane Educational Fund*, 2016 WL 3902595 (E.D. La. July 19, 2016), citing 28 U.S.C. § 1367(c)(3). Therefore, if Plaintiffs' FLSA claims are dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, and dismiss the matter in its entirety.

### IV. <u>CONCLUSION</u>

For the reasons outlined above, Defendants respectfully request that this Court dismiss Plaintiffs' putative FLSA claims, as Plaintiffs have not alleged violation of the FLSA minimum wage or overtime provisions. In addition, Plaintiffs' Complaint and Amended Complaint should be dismissed in their entirety because they are deficient and fail to meet this minimum pleading

standard due to the numerous fatal pleading deficiencies. Finally, the Court should decline to exercise supplemental jurisdiction over the Plaintiffs' remaining state law claims, and dismiss Plaintiffs' lawsuit in its entirety.

Respectfully submitted,

/s/ *David K. Theard*
David K. Theard (LA # 31987)
Peter J. Kee (LA #34860)
Jones Walker LLP
201 St. Charles Avenue – 50th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8402
Facsimile:  (504) 589-8402
dtheard@joneswalker.com
pkee@joneswalker.com
***Attorneys for Defendant, Advanced Medical Rehab, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of Court on this 6th day of March, 2017, to be served on all counsel of record by operation of the Court's electronic filing system.

/s/ *David K. Theard*
David K. Theard

{N3376113.1}