UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHERISSA CABAHUG and                                        CIVIL ACTION
GINA RAMOS

VERSUS                                                      NO: 17-241

MICHELLE SEILER TUCKER,                                     SECTION: A (4)
ADVANCED MEDICAL REHAB, LLC
And CAPITAL BUSINESS SOLUTIONS

## ORDER

Before the Court is a **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 16)** filed by Defendants. Plaintiffs oppose the Motion. (Rec. Doc. 21). The Motion, set for submission on April 19, 2017, is before the Court on the briefs without oral argument.

### I. Background

Plaintiffs, Cherissa Cabahug and Gina Ramos, assert claims against their former employers under the Fair Labor Standards Act ("FLSA"), Louisiana's Last Paycheck Act law, Louisiana's Timely Payment law, and for invasion of privacy. (Rec. Doc. 1). Plaintiffs allege that Defendants failed to compensate Plaintiffs for services performed, which Plaintiffs requested from Defendants following their termination in 2016. On January 9, 2017, Plaintiffs filed their Complaint against Defendants. Defendants filed the instant Motion to Dismiss for Failure to State Claim alleging that Plaintiffs' Complaint does not satisfy the minimum standards to plead an FLSA claim. (Rec. Doc. 21).

### II. Analysis

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the Complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To

avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Ashroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Federal Rule of Civil Procedure 8(a)(2) requires that plaintiffs give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Court of Appeals for the Fifth Circuit has noted that the requirements of Rule 8(a) are relaxed and minimal, and fulfilled by simply giving defendants fair notice of a plaintiff's claim and the grounds on which it rests. *General Electric Capital Corp. v. Posey*, 415 F.3d 391, 396-97 (5th Cir. 2005) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). Additionally, in this Circuit, neither the notice requirements under Rule 8(a)(2) nor the dismissal standards under Rule 12(b)(6) "require a claimant to set out in detail the facts upon which he bases his claim." *Williams v. United Credit Plan of Chalmette, Inc.*, 526 F.2d 713, 714 (5th Cir. 1976).

First, Defendants assert that Plaintiffs' FLSA claims should be dismissed because they don't allege that Defendants failed to pay minimum wage or overtime. Second, Defendants assert that Plaintiffs' Fair Labor Standards Act claims should be dismissed because they fail to allege any facts to show FLSA coverage. Finally, should the Court dismiss Plaintiffs' FLSA claims, Defendants argue that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

    a. Fair Labor Standards Act – Minimum Wage and Overtime

Defendants assert that Plaintiffs' Complaint fails to state a valid claim for relief, arguing that Plaintiffs' Complaint does not allege that Defendants failed to pay them minimum wage or overtime. Plaintiffs contend that their Complaint sufficiently alleges a valid FLSA claim, and that FLSA plaintiffs are not required to plead a precise amount for unpaid overtime wages.

To state a claim for unpaid overtime wages under the FLSA, a plaintiff must plead "1) that there existed an employer-employee relationship during the unpaid ... periods claimed; 2) that the employee engaged in activities within the coverage of the FLSA; 3) that the employer violated the FLSA's overtime wage requirements; and 4) the amount of overtime compensation due." *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Defendants argue that Plaintiffs fail to state a claim for unpaid overtime wages or minimum wages because their Complaint does not reference unpaid *overtime* or failure to pay *minimum* wage. (Rec. Doc. 24) (emphasis added). Instead, "both Plaintiffs allege that defendants reduced their salaries, withheld monthly salary, and deducted wages." (Rec. Doc. 24). Defendants are correct in their assertion that Plaintiffs' response to Defendants' motion alleges that they seek "all unpaid overtime wages," while their Complaint only states that they demand their "unpaid wages." (Rec. Doc. 21, Pg. 2-3) (Rec. Doc. 1, Pg. 11). However, as Defendants themselves state, at the very least Plaintiffs should be required to amend their Complaint to adequately allege FLSA violations.

The Court can grant the plaintiff leave to amend the Complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts have discretion to grant leave to amend, but the federal rules favor granting leave over denying it. See *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). Justifications for denying leave to amend include "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendment, undue

prejudice to the opposing party, and the futility of the amendment." *Id.* Allowing a plaintiff to amend a Complaint is "futile" when "the amended Complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000). Here, there is no indication that allowing Plaintiffs to amend their Complaint would be futile. Plaintiffs' Complaint specifically alleges that Defendants violated the FLSA and gave facts detailing Defendants' alleged violation, but simply fails to include the word *overtime* or *minimum*. Additionally, given the early stage of this litigation, granting leave to amend will not result in undue prejudice to Defendants. Therefore, the Court will grant Plaintiffs leave to amend their Complaint to re-allege their FLSA overtime or minimum wage claim.

   b. Fair Labor Standards Act – Coverage

Defendants also argue that Plaintiffs' Complaint fails to allege any facts to show FLSA coverage because Plaintiffs failed to provide any support for their contention that they are employees or that Defendants are employers covered under the FLSA. Plaintiffs respond that their Complaint facially establishes that Defendants were employers under FLSA and that Plaintiffs' employment was connected to interstate commerce. (Rec. Doc. 21).

The FLSA's minimum wage and overtime provisions apply to employees who are either A) engaged in commerce or in the production or goods for commerce (individual coverage), or B) employed in an enterprise engaged in commerce or in the production of goods for commerce (enterprise coverage). 29 U.S.C. §§ 206(a), 207(a). The United States Court of Appeals has stated that "[e]ither individual or enterprise coverage is enough to invoke FLSA protection." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992).

    i. Individual Coverage

To plead individual coverage a plaintiff must allege facts giving rise to a reasonable inference that he was engaged in interstate commerce. The United States Court of Appeals for the Fifth Circuit uses a practical test to determine whether an employee was engaged in interstate commerce. *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010). This practical test asks whether the employee's work was "so directly and vitally related to the functioning or an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it rather than an isolated activity." *Id.*

Plaintiff Cabahug was employed as a marketing and sales representative for Defendant Advanced Medical Rehab, a company that contracted with chiropractors to market their services to personal injury attorneys. (Rec. Doc. 1). Her position required her to visit law firms, make telephone calls, coordinate lunches between doctors and attorneys, and entertain clients. (Rec. Doc. 1). Plaintiff Ramos was employed by Defendant Capital Business Solutions to assist "with the sales of businesses in Louisiana, Texas, and California." (Rec. Doc. 1).

The Court finds that Plaintiffs' factual allegations in their Complaint give rise to the inference that they were engaged in interstate commerce. Plaintiff Cabahug's work, which included communicating with different attorneys and doctors on the phone and face to face, appears to be a part of interstate commerce because it is likely that at least one of the doctors or attorneys that she worked with was licensed or employed in another state. Coordinating and entertaining a number of professionals does not appear to be "purely local in nature," because professionals often work in more than one state. *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010). Additionally, Plaintiff Ramos' work, which included assisting in the sales of business in Louisiana, Texas, and California," clearly engages interstate commerce because it directly involves commerce among three states. (Rec. Doc. 1). Because Plaintiffs' Complaint gives rise to

a reasonable inference that they were engaged in interstate commerce, Defendants' claim that Plaintiffs' Complaint fails to allege any facts to show FLSA coverage fails.

      ii. Enterprise Coverage

In order to plead enterprise coverage, a plaintiff must allege facts that give rise to a reasonable inference that a defendant qualifies as an enterprise[1] engaged in commerce[2] or the production of goods for commerce. 29 U.S.C. §§ 206(a), 207(a). Having already found that Plaintiffs' Complaint gives rise to the inference that they were engaged in interstate commerce, and because "[e]ither individual or enterprise coverage is enough to invoke FLSA protection," the Court need not address whether Plaintiffs' Complaint alleges facts to show enterprise coverage. *Martin*, 955 F.2d at 1032 (5th Cir. 1992).

    c. Supplemental Jurisdiction

Finally, Defendants argue that, should the Court dismiss Plaintiffs' FLSA claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. Because the Court declines to dismiss Plaintiffs' FLSA claims at this juncture, the Court maintains its supplemental jurisdiction over Plaintiffs' Louisiana state-law claims.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 16)** filed by Defendants is **DENIED**.

---

[1] The FLSA defines such an enterprise as one that (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated). 29 U.S.C. § 203(s)(1).

[2] The FLSA defines commerce as the "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

**IT IS FURTHER ORDERED** that Plaintiffs must file an Amended Complaint, re-alleging their claim under the Fair Labor Standards Act, on or before **July 14, 2017**.

New Orleans, Louisiana this 19th day of June, 2017.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE